# EXHIBIT "A"

4828-1067-5555, v. 1

L000090882051040318

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

LACKAWANNA County

*For Prothonotary Use Only:*

Docket No: 1934

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** Ilimidar Kadyrov, on behalf of minor child, S.K.

**Lead Defendant's Name:** Nationwide Property & Casualty Insurance Company

**Are money damages requested?** [X] Yes [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [X] No

**Is this an *MDJ Appeal*?** [ ] Yes [X] No

**Name of Plaintiff/Appellant's Attorney:** Edwin A. Abrahamsen, Jr., Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [X] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABILITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*

L00090882052040318

Abrahamsen, Conaboy & Abrahamsen, P.C.
Edwin A. Abrahamsen, Jr., Esquire
1006 Pittston Avenue
Scranton, PA 18505
570-348-0200
570-348-0273 (fax)
eabrahamsen@law-aca.com

| | | |
|---|---|---|
| ILIMIDAR KADYROV, on behalf of minor child, S.K. 620 S. Irving Avenue Scranton, PA 18505 | : : : : | IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY |
| Plaintiff | : : | |
| vs. | : : : | CIVIL ACTION - LAW JURY TRIAL DEMANDED |
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY One Nationwide Gate, Dept. 5867 Des Moines, IA 50391-5867 | : : : : : | 18CU |
| Defendant | : : | No.: 1934 |

## NOTICE

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**North Penn Legal Services, Inc.**
33 North Main Street
Suite 200
Pittston, PA 18640
Phone: (570) 299-4100

**Lawyer Referral Service**
Lackawanna Bar Association
338 N. Washington Avenue
Scranton, PA 18503-1410
Phone: (570) 969-9600

L00090882053040318

Abrahamsen, Conaboy & Abrahamsen, P.C.
Edwin A. Abrahamsen, Jr., Esquire
1006 Pittston Avenue
Scranton, PA 18505
570-348-0200
570-348-0273 (fax)
eabrahamsen@law-aca.com

| | |
|---|---|
| ILIMIDAR KADYROV, on behalf of minor child, S.K. <br> 620 S. Irving Avenue <br> Scranton, PA 18505 <br><br> Plaintiff <br><br> vs. <br><br> NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY <br> One Nationwide Gate, Dept. 5867 <br> Des Moines, IA 50391-5867 <br><br> Defendant | IN THE COURT OF COMMON PLEAS <br> OF LACKAWANNA COUNTY <br><br><br> CIVIL ACTION - LAW <br> JURY TRIAL DEMANDED <br><br> 18CV <br> No.: 1934 |

## COMPLAINT

AND NOW COMES the Plaintiff, Ilimidar Kadyrov, on behalf of his minor daughter, S.K., by and through counsel, Abrahamsen, Conaboy & Abrahamsen, P.C. and hereby complains of the above-referenced Defendant as follows:

1. The Plaintiff, Ilimidar Kadyrov, is an adult and competent individual who currently resides at 620 S. Irving Avenue, Scranton, Lackawanna County, Pennsylvania, 18505.

2. The minor Plaintiff is the daughter of Plaintiff, Ilimidar Kadrova, and resides with him at his address.

3. The Defendant, Nationwide Property & Casualty Insurance Company, hereinafter "Nationwide", is a business entity authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania and regularly conducts business in Lackawanna County, Pennsylvania.

L00090882054040318

4. At all times material and relevant hereto, Nationwide maintained an office at One Nationwide Gateway, Dept. 5867, Des Moines, Iowa, 50391.

5. On or about March 31, 2017, S.K. was dropped off from a school van and was crossing the street to her home.

6. At all times material and relevant to this Complaint, the tortfeasor, Tacuma Whatley, did possess, own, operate, and control a 2006 BMW automobile which was involved in the incident more particularly described below.

7. On or about March 31, 2017, the minor Plaintiff, S.K., after being dropped off from a school van was crossing the street to her home on South Irving Avenue, Scranton, Lackawanna County, Pennsylvania, as the tortfeasor, Tacuma Whatley, was driving her 2006 BMW south on South Irving Avenue when she struck the minor Plaintiff as a pedestrian causing her to sustain serious bodily injury.

8. At all times material and relevant to this Complaint, the tortfeasor was negligent and at fault for striking the minor child as a pedestrian when crossing from a school van thereby resulting in serious injury to minor Plaintiff.

9. As a direct and proximate result of the negligence of the tortfeasor, the minor Plaintiff suffered and will continue to suffer from sever and permanent injuries, including but not limited to a right closed displaced distal tibial and fibia shaft fracture of the right leg as well as various injuries, bruises and contusions about her body, all of which may be permanent in nature.

10. As a direct and proximate result of the negligence of the tortfeasor, the minor Plaintiff required and will continue to require medical care and treatment, diagnostic testing, and use of pain medications.

11. As a direct and proximate result of the negligence of the tortfeasor, the minor Plaintiff

has incurred medical expenses and she will continue to incur medical expenses for the care and treatment of her injuries for a long and indefinite time in the future.

12. As a direct and proximate result of the negligence of the tortfeasor, the minor Plaintiff has suffered and will continue to suffer from pain, discomfort, inconvenience, anxiety, embarrassment, the ability to engage in her ususal daily activities and depravation of ordinary and useful enjoyment of life and life's pleasures.

13. At the time of the collision, the tortfeasor was insured by Esurance with bodily injury liability protection limits in the amount of Fifteen Thousand ($15,000.00) Dollars. The tortfeasor's bodily injury policy limits are not adequate to compensate the minor Plaintiff for the injuries she sustained as a result of the subject collision.

14. At the time of the collision, minor Plaintiff was a resident of the household of her father who owned vehicles insured by Nationwide under Policy No. 58B444578. A copy of Nationwide insurance policy is attached hereto.

15. At the time the Plaintiff purchased said policy, he elected to purchase bodily injury limits in an amount greater than the minimum coverage required by the Commonwealth of Pennsylvania, in order to protect the financial integrity of persons who may suffer bodily injuries as a result of the Plaintiff's negligence while operating a vehicle.

16. As a result of the Plaintiffs' selection of bodily injury limits in an amount greater than the minimum coverage required by law, they paid and Defendant accepted increased premium payments.

17. At the time the Plaintiffs purchased said policy, they elected to purchase underinsurance motorist benefits. As a result of the Plaintiffs' underinsurance motorist benefits, they paid, and the Defendant accepted, increased premium payments.

18. At the time the Plaintiffs purchased said policy, they believed and intended that and and all disputed underinsurance motorist claims arising under the policy would be resolved by way or arbitration.

19. At the time the Plaintiffs purchased said policy, they intended to purchase underinsurance coverage that would provided for arbitration of disputed underinsurance claims because they believed that arbitration would provide prompt, inexpensive and a fair resolution of such claims.

20. On May 24, 2017, counsel for Plaintiffs provided the Defendant with the Plaintiff's request for a potential underinsurance claim.

21. On June 20, 2017, Plaintiff contacted Defendant Nationwide enclosing a tender of the tortfeasor's limits of $15,000.00 and requesting consent to settle the tortfeasor claim.

22. On that same date, Nationwide Insurance responded to Plaintiff acknowledging the claim for underinsurance motorist benefits.

23. On or about August 7, 2017, Plaintiff followed up with a representative of Defendant Nationwide asking for status of review of records with no response.

24. On or about December 8, 2017, Plaintiff had provided additional updated medical records from the treating orthopedic surgeon to Nationwide Insurance for their review.

25. On or about December 27, 2017, Plaintiff once again contacted Nationwide for a status of their review of the underinsurance demand.

26. On or about January 25, 2018, Plaintiff followed up again with the letter previously issued of January 3, 2018 for settlement discussions.

27. Finally, on or about February 7, 2018, Defendant Nationwide made a settlement offer of minimal coverage.

28. In that conversation, representative of the Defendant indicated that they did not even believe that there was a breach of the tortfeasor's limits and value.

29. On or about February 26, 2018, Plaintiff officially rejected the offer of settlement as inadequate.

## COUNT I

### ILIMIDAR KADYROV, ON BEHALF OF MINOR CHILD, S.K.
### vs
### NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY

#### BREACH OF CONTRACT

30. Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through twenty-nine (29) inclusive hereof as if same were fully set forth herein at length.

31. Plaintiff has fully complied with all the terms, conditions, and duties required under the policy.

32. Defendant, Nationwide, has failed to objectively and fairly to evaluate the Plaintiff's claim.

33. Defendant, Nationwide, has failed to promptly offer reasonable value of the claim to the Plaintiff.

34. Defendant, Nationwide, failed reasonably to investigate Plaintiff's claims inasmuch as a thorough and proper inquiry would have revealed that the minor Plaintiff, has sustained injuries including but not limited to a right closed displaced distal tibial shaft fracture of the right leg as well as various injuries, bruises and contusions about her body.

35. As the insurer of the Plaintiff, Defendant, Nationwide, owes a fiduciary, contractual and statutory obligation to them to investigate, evaluate and negotiate their underinsurance motorist claim in good faith and arrive at a prompt, fair and equitable settlement.

L00090882058040318

36. For the reasons set forth above, Defendant, Nationwide, has violated its obligations under the policy of insurance.

WHEREFORE, the Plaintiff, Ilimidar Kadyrov, on behalf of minor child, S.K., requests pray that this Honorable Court grant judgment in their favor and against the Defendant, Nationwide Property & Casualty Insurance Company, in the sum in excess of Fifty Thousand ($50,000.00) Dollars together with compensatory damages, punitive damages, interest, cost of suit, attorney's fees, and such other relief as this Honorable Court deems just and proper.

### COUNT II

### ILIMIDAR KADYROV, ON BEHALF OF MINOR CHILD, S.K.
### vs
### NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY

### BAD FAITH

37. Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through thirty-six (36) inclusive hereof as if same were fully set forth herein at length.

38. The actions of the Defendant, Nationwide, in handling the Plaintiff's underinsured motorist claim constitutes bad faith as defined under 42 Pa. C.S.A. § 8371 as follows:

  a. In failing objectively and fairly to evaluate Plaintiff's claim;
  b. In failing objectively and fairly to reevaluate Plaintiff's claim based on new information;
  c. In engaging in dilatory and abusive claims handling;
  d. In failing to adopt or implement reasonable standards in evaluating Plaintiff's claim;
  e. Acting unreasonably and unfairly in response to Plaintiff's claim;
  f. Not attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claim in which the Defendant's liability under the policy had become reasonably clear;
  g. Insubordinating the interest of its insureds to it own financial monetary interest;
  h. In failing to promptly offer reasonable payment to the Plaintiff;
  i. In failing reasonably and adequately to investigate Plaintiff's claim;
  j. In failing reasonably and adequately to evaluate or review the medical

L00090882059040318

        documentation in Defendant's possession;
- k. In violating the fiduciary duty owed to the Plaintiff;
- l. In acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the Plaintiff;
- m. In failing to make an honest, intelligent and objective settlement offer;
- n. In causing Plaintiff to expend money on the presentation of their claim;
- o. In causing the Plaintiff to bare the stress and anxiety associated with litigations; and
- p. In unilaterally removing the arbitration clause from the policy.

39. An insurer as the Defendant, Nationwide, has a fiduciary, contractual and statutory obligation to those such as the Plaintiff.

40. At all relevant times, the Plaintiff complied with the terms and conditions of the policy and all conditions precedent and subsequent to their right to recovery under the policy.

41. For the reasons set forth above, Defendant, Nationwide, has violated the policies of insurance, its obligations as an insurer, has failed to act toward the Plaintiff in good faith and has violated 42 Pa. C.S.A. § 8371 for the which the Defendant is liable for compensatory and punitive damages, together with interests, attorney's fees and such other relief as the Court deems appropriate.

42. Defendant, Nationwide, has engaged in wanton and reckless conduct with regard to the welfare, interests and right to the Plaintiff, its insured, and has been liable for its bad faith conduct.

WHEREFORE, the Plaintiff, Plaintiff, Ilimidar Kadyrov, on behalf of minor child, S.K., demands judgment against the Defendant, Nationwide Property & Casualty Insurance Company, and in their favor in an amount in excess to Fifty Thousand ($50,000.00) Dollars together with compensatory damages, punitive damages, interests, costs of suit, attorney's fees and other such

L00090882060040318

damages allowed by 42 Pa. C.S.A. § 8371.

                        Respectfully submitted,

                        ABRAHAMSEN, CONABOY & ABRAHAMSEN, P.C.

By: _____
                        Edwin A. Abrahamsen, Jr. Esquire
                        Attorney ID Number 92851

                        1006 Pittston Avenue
                        Scranton, PA 18505
                        (570) 348-0200
                        cabrahamsen@law-aca.com

L00090882061040318

## VERIFICATION

I, ILIMIDAR KADYROV, do hereby make this Verification and state that the statements made in the COMPLAINT are true and correct to the best of my knowledge, information and belief. I understand that false statements made therein are subject to the penalties of 18 Pa. C.S. Section -4904 relating to unsworn falsification to authorities.

3/13/2018
Date

_____
ILIMIDAR KADYROV

L00090882062040318

Abrahamsen, Conaboy & Abrahamsen, P.C.
Edwin A. Abrahamsen, Jr., Esquire
1006 Pittston Avenue
Scranton, PA 18505
570-348-0200
570-348-0273 (fax)
cabrahamsen@law-aca.com

| | | |
|---|---|---|
| ILIMIDAR KADYROV, on behalf of minor child, S.K. <br> 620 S. Irving Avenue <br> Scranton, PA 18505 | : <br> : <br> : | IN THE COURT OF COMMON PLEAS <br> OF LACKAWANNA COUNTY |
| Plaintiff | : | |
| vs. | : <br> : | CIVIL ACTION - LAW <br> JURY TRIAL DEMANDED |
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY <br> One Nationwide Gate, Dept. 5867 <br> Des Moines, IA 50391-5867 | : <br> : <br> : <br> : | |
| Defendant | : | No.: |

## CERTIFICATE OF COMPLIANCE

I, Edwin A. Abrahamsen, Jr., Esquire, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

ABRAHAMSEN, CONABOY & ABRAHAMSEN, P.C.

By: _____
Edwin A. Abrahamsen, Jr. Esquire
Attorney ID Number 92851
1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
cabrahamsen@law-aca.com

7017 0530 0001 0410 5361

Nationwide Property & Casualty Ins.
One Nationwide Gate
Dept. 5867
Des Moines, IA 50391

**Office of the Sheriff**
Mark P. McAndrew Sheriff
Lackawanna County
Scranton, Pennsylvania 18503



L00090882063040318